UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD FREDERICK CREIGHTON,

        Plaintiff,                        Case No. 1:12-CV-1127

v.                                       HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## OPINION AND ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        This is a social security review action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the final decision of the Commissioner of Social Security. The matter is presently before the Court on Plaintiff's objections to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court overrules the objections and issues this Memorandum Opinion and Order.

        "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

        Although Plaintiff "incorporates the Arguments in his initial Brief and Reply Brief by

reference and adds to them as follows below" (Pl.'s Obj., Dkt. No. 18 at 2), he only specifies three issues clearly enough to enable the Court "to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380. First, he argues that the Magistrate Judge erred in his evaluation of the ALJ's weighing of medical opinion evidence, (Pl.'s Obj., Dkt. No. 18 at 3.) Next, he argues that the Magistrate Judge erred in endorsing the ALJ's evaluation of the evidence of Plaintiff's fibromyalgia. (*Id.* at 4.) Finally, he argues that the Magistrate Judge and the ALJ improperly considered evidence of Plaintiff's low IQ. (*Id.* at 5.) For the reasons that follow, the Court holds these objections to be without merit.

Plaintiff first argues that the Sixth Circuit has held that "evidence from consultative and non-examining physicians cannot be given great weight when there is an opinion from a treating physician." (*Id.* at 3 (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013).) *Gayheart* gives an overview of the process an Administrative Law Judge (ALJ) is to take when evaluating medical opinion testimony. First, it describes the general hierarchy of weight given to different sources of medical testimony: the testimony of a treating physician is generally given more weight than that of an examining physician, and the testimony of an examining physician is given more weight than that of a non-examining physician. *Gayheart*, 710 F.3d at 375.

"Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Id.* (citing 20 C.F.R. § 404.1527(c)(2)). However, "opinions from nontreating and nonexamining sources are never assessed for 'controlling weight.' The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and

supportability, but only if a treating-source opinion is not deemed controlling." *Id.* at 376. *Gayheart* does not, therefore, stand for the proposition for which Plaintiff cites it.

Based on his misreading of *Gayheart*, Plaintiff argues that the Magistrate Judge erred in his conclusion that the ALJ's weighing of the medical opinions of Drs. DeBois, Maupin, and Lewis and a nurse practitioner was consistent with applicable law. (Pl.'s Obj., Dkt. No. 18 at 3; R&R, Dkt. No. 17 at 12–14.) Plaintiff further asserts that the ALJ was required "to 'give good reasons' for not giving weight to a treating physician in the context of a disability determination." (Pl.'s Obj., Dkt. No.18 at 4.) Contrary to Plaintiff's arguments, the ALJ did indeed "give good reasons" for the weight he gave to treating and non-treating physicians. (*See* Tr., Dkt. No. 6-2 at 21–23.) Plaintiff's objection is without merit and is overruled.

Plaintiff next argues that "this case involved a diagnosis of fibromyalgia, and case law specifically indicates that treating physicians are to receive even more deference in a case such as this." (Pl.'s Obj., Dkt. No. 18 at 4.) Plaintiff argues that both the Magistrate Judge and the ALJ used an outdated legal standard to determine if the evidence showed that Plaintiff suffers from fibromyalgia. (*Id.*) Review of the administrative record and the R&R, however, shows that the ALJ never made a determination that Plaintiff *does not* have fibromyalgia, merely that the symptoms of it he reported were effectively managed through medication. The ALJ thus determined that Plaintiff was not disabled by virtue of his fibromyalgia. Plaintiff's objection on this point is without merit and will be overruled.

Finally, Plaintiff argues that an additional reason to remand is "the failure of both the ALJ and the Magistrate [Judge] to properly consider the IQ score of 70 in this case." (*Id.* at 5.) Plaintiff argues that the ALJ improperly "rejected a reported IQ score." (*Id.*) Contrary to Plaintiff's assertion,

3

however, the Magistrate Judge carefully reviewed the ALJ's evaluation of Plaintiff's claimed disability under listing 12.05(C). (R&R, Dkt. No. 17–20.) Contrary to Plaintiff's assertion, the ALJ did not reject an IQ score, but rather evaluated Plaintiff's level of functioning pursuant to the factors identified in the relevant regulations. Plaintiff's objection is without merit and is therefore overruled.

Having conducted de novo review, this Court is convinced that both the Magistrate Judge and the ALJ correctly applied the appropriate legal standards, and that the final decision of the Commissioner should be affirmed.

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58.

**IT IS HEREBY ORDERED** that the Plaintiff's Objections (Dkt. No. 18) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's February 25, 2014, R&R (Dkt. No. 17) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security is **AFFIRMED**.


Dated: May 7, 2014                          /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE